UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRISH PARHAM, | ) | CASE NO. 1:19-cv-2236 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Demetrish Parham ("Parham" or "plaintiff") appeals from the final decision of the Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge Thomas M. Parker for the preparation of a Report & Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 18.) Plaintiff has filed objections to the R&R (Doc. No. 19 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 20 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

**I. BACKGROUND**

Parham filed her application on September 15, 2016. (Doc. No. 12 (Administrative Transcript ["TR'"]) at 233–42.[1]) She alleged disability beginning January 10, 2012 due to

---

[1] For convenience, citations to the administrative transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

anxiety, panic attacks, mood disorder, and high blood pressure. (TR at 117–42, 145–68, 233–42.) The application was denied initially, and upon reconsideration. Parham requested a hearing before the ALJ. The hearing, at which Parham appeared with counsel, was conducted on March 12, 2018. The hearing transcript is in the record. (*Id*. at 34–73.).

On August 1, 2018, the ALJ issued his decision. (*Id*. at 14–33.) The ALJ found that plaintiff had severe impairments of "depression; anxiety; personality disorders; degenerative disc disease at C5-6; moderate narrowing of the left patellofemoral compartment with spurring; and obesity[.]" (*Id.* at 21.) But the ALJ also determined that these impairments did not meet or equal any listed impairment, and that Parham retained the residual functional capacity ("RFC") to perform a range of medium work with certain specific limitations. (*Id*. at 21–27.) The ALJ concluded that Parham could perform her past work as a housekeeper and could also perform a significant number of jobs existing in the national economy and was, therefore, not disabled. (*Id*. at 27–29.).

Parham timely filed the instant action, seeking judicial review. Parham, represented by counsel, filed a brief on the merits (Doc. No. 13 ["Pl. Merits Br."]), the Commissioner filed a response brief on the merits (Doc. No. 16 ["Def. Merits Br."]), and Parham filed a reply. (Doc. No. 17 ["Pl. Merits Br. Reply"].) On August 28, 2020, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.

II. DISCUSSION

A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b),

which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial

evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### B. Plaintiff's Objections and Analysis

In her first objection, Parham takes issue with the determination in the R&R that "[t]he ALJ applied proper legal standards and reached a conclusion supported by substantial evidence in finding that Parham's impairments, singly or in combination, did not meet or medically equal the criteria of Listings 12.04, 12.06, or 12.08." (*See* R&R at 1143 (cited by Obj. at 1155).) She

argues, "[c]ontrary to the findings in the R&R, the ALJ did not expressly consider [p]laintiff's case management records in his decision." (Obj. at 1155 (citing R&R at 1144).) These records, Parham contends, "supported a more restrictive RFC and only marginal adjustment to changes in her environment." (*Id.*) Because she believes that the ALJ overlooked these record documents, she disagrees with the magistrate judge's conclusion that the ALJ's decision was supported by substantial evidence and, therefore, fell within the acceptable "zone of choice." (*Id.* at 1155 (citing R&R at 1145).).

As set forth above, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "'The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.'" *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281–82 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)).

Here, the record does not support Parham's position that the ALJ failed to consider the case management records from the Centers for Families and Children. Rather, the ALJ repeatedly referenced and discussed exhibits B4F, B6F, B8F, and B10F, all of which contain these case management records. (TR at 24–26.) In fact, the ALJ's decision is replete with pin-point citations to Parham's case management visits and encounters and corresponding discussion of the symptoms documented during those encounters. (*See, e.g., id.* (citing TR at 544, 546, 553, 557, 562, 566, 613, 741, 825, 977, 983, 985).) For example, the ALJ discussed a January 2017 phone call wherein Parham explained that she was anxious when out in public and expressed concerns over her ability to engage in certain activities, such as shopping. (TR at 25 (citing Ex.

5

B8F at 825).) But the ALJ also discussed other encounters where Parham showed improvement in her ability to cope with internal and external stressors, was upbeat and cheerful, and was able to maintain gainful employment. (*See id*. at 25–26.).

It is true that an ALJ may not cherry pick from the record in determining whether substantial evidence supports a particular conclusion. *See White*, 572 F.3d at 284. But it is clear from the administrative decision that the ALJ considered all of the record evidence, including the case management records, in reaching his conclusions as to the severity of Parham's impairments and her RFC. While Parham believes that the ALJ should have interpreted these and other records in such a way so as to find more severe impairments and a more restrictive RFC, the ALJ's conclusions are supported by substantial evidence. So long as the ALJ's conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if there is substantial evidence supporting the opposite conclusion as well. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.") Accordingly, the magistrate judge properly determined that the ALJ's conclusions fell within the permissible "zone of choice," and Parham's first objection is overruled.

In her second objection, Parham challenges the findings in the R&R that the ALJ properly determined that she could perform her past relevant work. (Obj. at 1156 (citing R&R at 1147).) She argues, "[a]s stated in the R&R, [the Commissioner] did not argue waiver so the argument that [p]laintiff's knee problems would have precluded her from standing and walking the requisite time for medium work should have resulted in a remand." (*Id.*) She insists, "[t]he

problems with her knee combined with her back and neck complaints should have precluded her from performing work at the medium level of exertion." (*Id*.)

Parham has misrepresented the findings in the R&R. The magistrate judge actually found that *Parham waived* the argument relative to her knees but not as to her mental capacity affecting the RFC. (*See* R&R at 1148–52.) Rather, the R&R provides that the Commissioner raised the issue of waiver as to the ALJ's physical RFC finding by challenging Parham's perfunctory argument in her merits brief—that "there was the question of whether her knee problem precluded her from standing/walking six hours a day"—as insufficient to place the issue before the Court. (*Id*. at 1151.) And the magistrate judge concluded that argument involving the "knee problem" had been waived. (*Id*.) It was Parham's *mental RFC challenge* that the Commissioner failed to challenge as waived, and the R&R addresses that issue on the merits. (*Id*. ("Therefore, the *Commissioner* has arguably waived any argument that Parham's mental RFC challenge was waived, and Parham did *not* waive[] the issue.") (emphasis in original)).) Parham has not challenged that merits analysis or the resulting conclusions.

Further, the Court finds that the magistrate judge properly determined that Parham's reference to a "question" regarding her "knee problem" waived her physical RFC challenge. It is well settled that merely "allud[ing] to substantive issues in a perfunctory manner, without argument or development," renders the issues "abandoned and waived." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007)); *see Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) (similar); *see also McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (finding that merely mentioning a claim—without discussing the elements or the evidence that

7

supports the claim—waived any argument as to the claim because "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones") (quotation marks and citations omitted)). Here, Parham merely referenced her "knee problem," relative to her RFC, in the most perfunctory way, leaving the Court to develop the argument and find factual and legal support for it.[2] (Pl. Merits Br. at 1079.) The issue was waived, and Parham's second objection is overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: February 5, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] In her objections, Parham suggests that she argued in her merits brief that a left knee x-ray in February 2011 demonstrated a moderate narrowing of the patellofemoral compartment with some spurring. (Obj. at 1156.) But the only mention of that x-ray in her merits brief appeared in the listing argument. (Pl. Merits Br. at 1075.) The magistrate judge correctly found that the ALJ's listing analysis applied proper legal standards and was supported by substantial evidence. (R&R at 1141–42.) Parham has not objected to those findings.